[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising three assignments of error, defendant-appellant Herman E. Villarroel challenges his conviction for domestic violence against his wife, in violation of R.C. 2919.25(A). Following a trial to the bench, Villarroel was convicted and sentenced to a three-year period on community control, costs, and participation in an alcohol-abuse treatment program.
Villarroel's first assignment of error, in which he claims the trial court erred in sustaining the state's objection to his inquiry into whether his wife was having an affair, is overruled. The trial court did not abuse its discretion in limiting the inquiry into the wife's motivation for filing the domestic-violence charge. From the opening statement of Villarroel's counsel and from the wife's testimony, the trial court knew of the wife's ultimate desire to leave the marriage. Any limitation on Villarroel's line of questioning did not affect a "substantial right." Evid.R. 103(A).
The second assignment of error, in which Villarroel contests the manifest weight of the evidence adduced to support his conviction, is overruled. Our review of the entire record fails to persuade us that the trial court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211; State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 546-547.
In his third assignment of error, Villarroel contends that his trial counsel's failure to object to police testimony that Villarroel refused to take a breathalyzer test was a substantial failure of essential duties that denied him the effective assistance of counsel guaranteed by the federal and Ohio constitutions. After reviewing all the proceedings in the trial court, including Villarroel's subsequent admission that he had been drinking, and in light of trial counsel's successful efforts to obtain community control for Villarroel in lieu of incarceration, we hold that the record does not demonstrate any deprivation of a substantial or procedural right that rendered the trial fundamentally unfair. See Lockhart v. Fretwell (1993),506 U.S. 364, 113 S.Ct. 838; see, also, State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT. P.J., DOAN and GORMAN, JJ.
To the Clerk:
Enter upon the Journal of the Court on January 26, 2000 per order of the Court _______________________________.
Presiding Judge